No. 522

MONITOR STOVE CO. v. WILLIAMSON HEATER CO. et al

Ohio Appeals, First District, Hamilton County
No. 2170. Decided May 18, 1923

This opinion has not been published except in Abstract.

INJUNCTION—(1) Right of former employe to make use of business reputation—(2) Right of defendant company to compare its furnace with others—(1) Injunction against use of list of customers wrongfully obtained.

CHITTENDEN, J.
Epitomized Opinion

This was an action for a judgment for damages and also for an injunction restraining the defendants from continuing a certain course of business. The plaintiff company and one of the defendants, the Williamson Heater Company, were large manufacturers of heating appliances among which was a heating device known as the pipeless furnace. This action relates to the manufacture and sale of the pipeless furnace. During the time that this furnace was being introduced to the trade and up until the fall of 1919 the plaintiff had in its employ as officers one Woodrough, McGrath and McCann. Because of internal dissention these men left the employ of plaintiff company and entered the employ of defendant company. Plaintiff company claimed that they had entered into a conspiracy with the defendant company to destroy the business of plaintiff by circulating advertising matter which was calculated to deceive the public; that these men wrongfully turned over valuable information to the defendant company, and also that the defendant wrongfully obtained possession of catalogs and circulars and a list of dealers doing business with plaintiffs. The defendant company denied this conspiracy. The case was tried before Judge S. C. Roettinger of the Cincinnati Common Pleas Court, who granted the injunction. Thereupon the defendants appealed to the Court of Appeals. Held:

1. The fact that the individual defendants changed employment should in no way deprive them of the right to make use of the reputation that they had

established by having been engaged in a similar business for another concern for many years.

2. The defendant company did not exceed its legal rights in advertising the merits of its furnace or in comparing it with the other pipeless furnaces.

3. As the list of customers was wrongfully obtained from the plaintiff company, the defendant company will be enjoined from using the same in soliciting the trade and business of persons named in that list.

Finding in favor of defendants on all issues except the use of trade list.

Attorneys—Maxwell & Ramsey, etc., for Stove Company; Moulinier, Bettman & Hunt, etc., for Heater Co. et al.

---

No. 523

YOUNGSTOWN MUNICIPAL RY. CO. v. McCARTNEY

Ohio Appeals, 7th District, Mahoning County
Decided March 2, 1923

This opinion has not been published except in Abstract.

COURT'S PROVINCE—Court may make any inquiry which will bring out actual facts and put jury in possession of all circumstances to do justice between parties.

ROBERTS, J.:
Epitomized Opinion

McCartney sued the Railway Company for injury sustained in alighting from one of its cars. The jury returned a verdict for $2,000. The Railway Company contended that McCartney's evidence showed his damages for loss of earning capacity, expenses for nursing and medical attendance, were $1,600 and that $400 was for pain and suffering. The Company further contended that the evidence as to the pain and suffering was brought out by a question asked a witness by the trial judge. In affirming the judgment of the trial court the Court of Appeals held:

1. The court may make any inquiry which will tend to bring out the actual facts and put the jury in possession of all the circumstances. It is not the duty of the court to sit idly and silently by and allow justice to be impeded or defeated because one may have made a mistake or forgotten something. It is the purpose of the court to promote justice, not to interfere with it.

2. An allowance of $400 for pain and suffering on account of a fractured leg is not excessive.

Attorneys—Kennedy, Manchester, Conroy & Ford, for Railway Company; Perry Robison, for McCartney.